Mr. Justice Clayton
delivered the opinion of the court.
The only question in this case is, whether the action is barred by the statute of limitations.
The note bears date 11th of October, 1836, and was given to the president of the board of police of Carroll county, for a loan of money belonging to the school fund. The suit was commenced in May, 1848. More than six years elapsed from the time when suit might have been brought, before it was commenced. It is insisted that the principle which protects the government from the operation of the statute of limitations, will prevent the bar in this case. The government is exempted *532 from the operation of the statute, because it ought not to be injured by: the neglect of its officers, and because of a presumption that it will not disturb the repose of society by unfounded or suspicious claims. 4 How. R. 24; Ang. on Lim. 38.
But this fund cannot be said to belong to the state, it belongs to the several counties, under the act of 1846 to establish a system of common schools. Hutch. Code, 230. The boards of police were originally intrusted with its management, but it is now under the control of the school commissioners. The county treasurer has the custody and keeping of it. It arises from the leasing of the sixteenth sections, from fines, escheats, and certain licenses. All this goes to show that the fund does not belong to the state, nor has it any interest in the suit. See Haynes v. Covington, Ante, 408.
There is no ground on which to hold, that the board of school commissioners is invested with any of the attributes of sovereignty, so as to exempt them from the operation of the general law of the land.
The judgment of the court below was in favor of the defendant, and the same is affirmed.